19 F.3d 7
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
STATE of Rhode Island, ET AL., Plaintiffs, Appellees,
v.
NARRAGANSETT INDIAN TRIBE, ET AL., Defendants, Appellants.
 No. 93-1401.
 United States Court of Appeals,
First Circuit.
 March 23, 1994
 
 Appeal from the United States District Court for the District of Rhode Island
 Charles A. Hobbs, with whom Arlene Violet, Matthew S. Jaffe, and Hobbs, Straus, Dean & Wilder were on brief, for appellants.
 W. Mark Russo, with whom Jeffrey B. Pine, Attorney General, Alan M. Shoer, Special Assistant Attorney General, Elizabeth Murdock Myers, Suzanne Worrell, and Adler, Pollock & Sheehan were on brief, for state appellees.
 Bruce N. Goodsell on brief for municipal appellees.
 Scott Harshbarger, Attorney General (Mass.), Douglas H. Wilkins, Assistant Attorney General (Mass.), Michael J. Carpenter, Attorney General (Me.), and Frankie Sue Del Papa, Attorney General (Nev.) on brief for States of Massachusetts, Maine, and Nevada, amici curiae.
 D.R.I.
 DISMISSED.
 Before Selya, Circuit Judge, Aldrich and Coffin, Senior Circuit Judges.
 Per Curiam.
 
 
 1
 This opinion ends a forgotten procedural skirmish in an enduring legal war. Following the district court's decision and order of judgment, see State of Rhode Island v. Narragansett Tribe of Indians, 816 F. Supp. 796 (D.R.I. 1993), the plaintiffs prosecuted an appeal (docketed in this court as No. 93-1400). The defendants subsequently filed this cross-appeal, complaining of (1) a stay entered below on March 8, 1993, and (2) the district court's ensuing denial of appellants' motion to withdraw or modify the stay. We consolidated the two appeals.
 
 
 2
 In the proceedings that followed, appellants herein mentioned the stay, but, beyond this mere allusion, never breathed a whisper of the cross-appeal either in the briefs or at oral argument. That ends the matter: it is well settled that issues advocated in a perfunctory manner on appeal, unaccompanied by developed argumentation, are deemed to be abandoned. See United States v. Slade, 980 F.2d 27, 30 (1st Cir. 1992); United States v. St. Cyr, 977 F.2d 698, 701 (1st Cir. 1992); Ryan v. Royal Ins. Co., 916 F.2d 731, 734 (1st Cir. 1990); United States v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert. denied, 494 U.S. 1082 (1990).
 
 
 3
 We need not linger. Here, we are faced not with the skeleton of an argument, but with the ghost of one. And in any event, our opinion in respect to plaintiffs' original appeal, issued this day, likely renders the instant appeal moot.
 
 
 4
 For these reasons, we exorcise the phantom cross-appeal from our midst.
 
 
 5
 Appeal dismissed. No costs.